UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS CAMEJO-RODRIGUEZ, | ) |
| | ) CASE NO. C12-2221-JCC-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| MCC SUPT. MARGARET GILBERT, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Luis Camejo-Rodriguez, who is currently incarcerated at Monroe Correctional Complex in Monroe, Washington, filed a proposed injunction and temporary restraining order (Dkt. 1), followed by an affidavit and memorandum (Dkt. 4). In response to a letter from the Clerk's Office indicating the absence of either a filing fee or motion to proceed *in forma pauperis* (IFP) (Dkt. 3), plaintiff submitted a motion to proceed IFP (*see* Dkts. 5-7). Plaintiff also submitted a proposed civil rights claim, construed by the Court as pursuant to 42 U.S.C. § 1983 (Dkt. 8), a motion for appointment of counsel (Dkt. 9), two declarations (Dkts. 10 & 13), and two additional memoranda (Dkts. 11 & 12). For the reason described below, the Court

REPORT AND RECOMMENDATION
PAGE -1

recommends denying plaintiff's application to proceed IFP based on the three-strikes rule of 28 U.S.C. § 1915(g), and directing him to pay the $350 filing fee in order to proceed with his complaint.

A prisoner may not proceed IFP in a civil action if he or she has, on three or more prior occasions, brought civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff has submitted numerous complaints to this Court, at least three of which have been dismissed based on the determination that they were frivolous and/or failed to state a claim upon which relief may be granted. *See Camejo-Rodriguez v. Frakes*, C11-1110-RSL (Dkts. 15 & 16) (dismissed Nov. 16, 2011); *Camejo-Rodriguez v. Frakes*, C10-1331-MJP (Dkts. 19 & 22) (dismissed Oct. 25, 2010); *Camejo-Rodriguez v. Dep't of Corrections*, C08-1611-TSZ (Dkts. 42, 48, 55 & 58) (dismissed May 13, 2009). *See generally O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (holding that an IFP action is "brought" for purposes of imposing § 1915(g) strikes "when he submits a complaint and request to proceed in forma pauperis to the court").

As in previous cases filed in this Court,[1] plaintiff alleges threats to his health and safety,

---

1 *See*, *e.g.*, *Cameo-Rodriguez*, C11-1110-RSL (Dkt. 13 (describing plaintiff's complaint as alleging courts and others "have conspired to kidnap, enslave, torture, arbitrarily detain, discriminate against, extort, bribe and blackmail plaintiff," causing "serious emotional and physical injuries[,]" as well as denial of medical care and that Washington Governors "were involved in attempts to kill plaintiff by housing him with prisoners who smoke between 2000 and 2005"); *Cameo-Rodriguez v. Tru Sgt. Bigelow*, C11-1494-TSZ (Dkt. 14 (describing document submitted by plaintiff as entitled: "In Contempt of Court. Attachment to Arrest all this DOC. Staffs, US Military, Sgts, Recreation for Continue Racial discrimination, harassment, torture practice. Falsely Infract me by Racial Retaliation Conspiracies to caused me harm. Mental and physical torture to lock me down. Created me conflicts with Mendoza and Weaver, Required Emergency Interstate Compact transfer to Florida MCC.camp Miami for Federal Pre-Release and to have Medical Attention, denied in TRU-WA. F.M.I. 666. No stop planning Evil Act.")

REPORT AND RECOMMENDATION
PAGE -2

contending, for example, that he has been kidnapped, seriously injured, and subjected to torture and numerous threats on his life.  (*See*, *e.g.*, Dkt. 8 at 2 ("I am currently secreting kidnapping, hiden in a place no body can find me.   In D.O.C. racial segregation torture units[.]"); Dkt. 11 at 3 ("I been maliciously injured in the Federal Bureau of Prisons by their same White Europeans-Amerikans Bluecoat domestic terrorist corporation.  This terrorist cool killers received orders to kill me at any level[.]"))  However, as before, nothing in the current IFP application, proposed complaint, or various other submissions plausibly suggests plaintiff is under imminent danger of serious physical injury.   Instead, his allegations appear frivolous.

Accordingly, the Court recommends DENYING plaintiff's application to proceed IFP (Dkt. 6), and directing him to pay the $350 filing fee within **thirty (30) days** of the date of the Order adopting this Report and Recommendation.   If no filing fee is paid within thirty days of the Court's Order, the Clerk should close the file.   The Clerk is directed to send copies of this Order to plaintiff and to the Honorable John C. Coughenour.

DATED this 8th day of January, 2013.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3